## CONGRESS BANK AND TRUST CO.
*vs.*
## WALLACE A. WILLS

Superior Court        New Haven County        File No. 44922

MEMORANDUM FILED DECEMBER 3, 1940.

*Samuel J. White,* of New Haven, and *Stephen F. Dunn,* of New Haven, for the Plaintiff.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Defendant.

INGLIS, J.    This is an action brought on a note for $2,000 made by the defendants jointly and severally to the order of the plaintiff on July 24, 1931, and payable on demand. The note in suit was made as a renewal of a long series of notes. It is still owned by the plaintiff and remains wholly unpaid, except that, on or about January 24, 1932, the plaintiff applied on the note the sum of $160 which the defendants then had on deposit in the plaintiff's bank. The amount now due on the note is therefore arrived at as follows:

Principal of note ....................... $2,000
Interest to January 24, 1932 ............     60

Total ............................... $2,060

Credit by payment January 24, 1931 ...... $  160
Balance, January 24, 1932 ..............   1,900
Interest to date .......................     950

Total due ........................... $2,850

The defendant Margaret C. Wills has died since the institution of the action.

The named defendant, by way of special defense and as a counterclaim, alleges that at a time when the stock which had been pledged to secure a predecessor of the note now in suit could have been sold for an amount far in excess of the amount then due, he instructed the plaintiff to sell the stock but the plaintiff neglected and refused to make the sale and the stock has now become worthless.

The facts found on the special defense and counterclaim are, briefly, as follows: In the early part of December, 1930, when the note stood at $2,100, the plaintiff, acting by its vice president, Hyman Jacobs, was pressing the defendant for payment. The security for the note was then 255 shares of the common stock of The Guardian Investment Trust. On one occasion, about December 1, 1930, in response to a request, the defendant came into the office of Mr. Jacobs and, upon being told that he would have to pay the note, he responded that he could neither raise any money nor increase the collateral and that, therefore, the bank might sell the collateral if it would and could. The defendant, neither on this occasion nor on any other occasion, instructed the bank to sell the securities. The stock of The Guardian Investment Trust had been floated originally by F. E. Kingston & Co., and that brokerage house, at least from July, 1930, on, was the only concern which maintained a market for the stock. Before December, 1930, it had become widely known that F. E. Kingston & Co. were in difficulties and as a matter of fact they were closed on December 15, 1930. Accordingly, on and after December 1, 1930, there was no market for the stock in question and the plaintiff could not have sold it at any price if it had attempted to do so.

After the time that the defendant claims that he directed the sale of the stock, he made a payment of $100 on the principal of the note on February 24, 1931, and renewed the note three times, to wit: on February 24, 1931, April 24, 1931 and July 24, 1931, all without making any claim that the securities should have been sold or even again suggesting that they might be sold.

On the foregoing finding of facts, it is concluded that the defendant has no valid defense nor counterclaim arising by

reason of the fact that the plaintiff did not sell his collateral. It is, therefore, not necessary to decide the question as to whether the counterclaim is barred by the statute of limitations.

Judgment may enter for the plaintiff to recover of the defendant Wallace A. Wills the sum of $2,850 damages and its taxable costs.